**FILED**

**JAN 28 2013**



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JARY GLENN GOODRICH, | * | CIV 12-4215-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | GRANTING LEAVE TO |
| LINCOLN COUNTY CIRCUIT | * | PROCEED IN FORMA |
| COURT, and THE ATTORNEY | * | PAUPERIS AND |
| GENERAL OF THE STATE OF | * | DISMISSING COMPLAINT |
| SOUTH DAKOTA | * | |
| | * | |
| Defendants. | * | |

Plaintiff Jary Glenn Goodrich ("Goodrich") filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 28, 2012. Doc. 1. Goodrich also filed a motion for leave to proceed in forma pauperis. Doc. 2.

**I. Facts**

Goodrich was convicted following a jury trial of stalking on December 20, 2012, in Lincoln County Circuit Court in South Dakota. Doc. 1 at 1. He filed this action in United States District Court eight days later. Doc. 1. Goodrich is suing the Lincoln County Circuit Court and the Attorney General of the State of South Dakota (collectively, "Defendants"). Doc. 1. Goodrich filed another Complaint the same day he filed this Complaint. See CIV-11-4216-RAL, Doc. 1. The Complaint in CIV-11-4216-RAL is nearly identical to the Complaint filed in this case; it alleges the same injury as this Complaint, but invokes 42 U.S.C. § 1983. Doc. 1.

Goodrich states both that he is serving a two-year stalking sentence and that he has not yet been sentenced following his state court stalking conviction from December 20, 2012. Doc. 1 at 1, 5. Despite the recentness of his conviction following a jury trial and his conflicting

statements about his sentence, Goodrich is seeking a writ because he believes that Defendants have kept him in jail too long. Doc. 1 at 5. Goodrich argues that he is entitled to be released from jail upon serving 25 percent of his sentence. Doc. 1 at 5. Because he has been in the Minnehaha County Jail since May 10, 2012, and he asserts that the maximum sentence for stalking is two years, Goodrich contends he has served more than 25 percent of his possible sentence and must be released. Doc. 1 at 5. He argues Defendants are violating his constitutional right to "Probation or Parole Release." Doc. 1 at 5. Goodrich has not appealed his state court conviction and, therefore, has not exhausted his state court remedies.

## II. Discussion

### A. Liberal construction of pro se complaint

A court must assume as true all facts well pleaded in the complaint. Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). "Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (noting that pro se complaints must be construed liberally). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, and is instead based on "vague [or] conclusory" allegations or "unsupported generalizations," dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). In Twombly, the Supreme Court of the United States made clear that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level . . . on

the assumption that all the allegations in the complaint are true." 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (citing Twombly and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory)(internal citations omitted).

### B. In forma pauperis status

Goodrich has not paid the civil filing fee. When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed in forma pauperis "without prepayment of fees or security therefor" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(1). In re Prison Litig. Reform Act, 105 F.3d 1131 (6th Cir. 1997). In forma pauperis status is a privilege rather than a right. See e.g., Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Goodrich's motion for leave to proceed in forma pauperis and his prisoner trust account report reveal that he is indigent. Doc. 4. This Court will grant Goodrich's motion to proceed in forma pauperis.

The Prison Litigation Reform Act, however, requires prisoners to make an initial partial filing payment where possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires 20 percent of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.

Goodrich is obligated to pay the filing fee for his § 1983 action regardless of whether this Court allows or dismisses this action. In re Prison Litig. Reform Act, 105 F.3d at 1134. The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal"). Goodrich does not have to pay the $5.00 filing fee for his § 2254 petition because he has less than $25.00 in his prisoner trust account. See D.S.D. LR 83.10; Doc. 4.

### C. Screening of Goodrich's claims

Congress has directed this Court under 28 U.S.C. § 1915 to review and screen claims in a complaint being filed in forma pauperis to determine if they are "(i) frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Jefferies v. Marshall, No. CIV-12-3023, 2012 WL 3730605, at *2 (D.S.D. Aug. 28, 2012) ("This Court is required to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted."); In re Prison Litig. Reform Act, 105 F.3d at 1131 ("[B]efore service of process is made on the opposing parties, the district court must screen the case under the criteria of 28 U.S.C.A. § 1915(e)(2) and 28 U.S.C.A. § 1915A."). A pro se complaint is construed liberally, but it must contain specific facts supporting its conclusions. Allen v. Purkett, 5 F.3d at 1151, 1153. "A complaint is frivolous where it lacks an arguable basis either in law or in fact." Stanko v. Patton, 228 F. App'x 623, 624 (8th Cir. 2007) (quoting Williams v. Hopkins, 130 F.3d 333,

4

335 (8th Cir. 1997)).

The only issue raised by Goodrich in his application for a writ of habeas corpus is that, although he is awaiting sentencing and has not appealed his conviction, he is entitled to be released because he has served what he feels is the minimum time he needs to serve in state custody. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) ("[T]he exhaustion doctrine [for federal habeas review] requires a state prisoner to file for any available discretionary review in the state's highest court prior to filing for federal habeas relief."); Roubideaux v. Dooley, No. CIV-10-5066, 2011 WL 165006, at *1 (D.S.D. Jan. 19, 2011) ("As a prerequisite to filing a § 2254 petition, the state courts must have the opportunity to hear federal constitutional claims and adjudicate those claims on the merits.") (citing Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A federal district court should dismiss a petition for a writ of habeas corpus under § 2254 if the claims have not been exhausted in the state courts. Rose v. Lundy, 455 U.S. 509, 510 (1982); see also Rhines v. Weber, 544 U.S. 269, 274 (2005) (noting that the AEDPA preserved Lundy's exhaustion requirement by incorporating it in § 2254(b)(1)(A)).

Goodrich apparently has not been sentenced for his state court conviction, has not appealed his state court conviction, and has not exhausted his state court habeas corpus remedies. Goodrich has not exhausted his state court remedies, and he so admits. Thus, his § 2254 suit is

5

premature and must be dismissed as non-meritorious and frivolous for lacking an arguable basis in law. Goodrich may refile after he exhausts state court remedies available to him.

### III. Conclusion

For good cause, it is hereby

ORDERED that Goodrich's Motion to Proceed In Forma Pauperis, Doc. 2, is granted. It is further

ORDERED that Goodrich's Complaint, Doc. 1, be dismissed as non-meritorious and frivolous under 28 U.S.C. § 1915A.

Dated January 28ᵗʰ, 2013.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE